JS-6/ENTER

ENTERED
CLERK, U.S. DISTRICT COURT
June 8, 2015
CENTRAL DISTRICT OF CALIFORNIA
BY: TS DEPUTY

FILED
CLERK, U.S. DISTRICT COURT
June 8, 2015
CENTRAL DISTRICT OF CALIFORNIA
BY: TS DEPUTY

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| SAMUEL ANTONIO DIAZ, | No. CV 15-04122-RSWL (DFM) |
| Petitioner, | OPINION AND ORDER |
| v. | |
| WILLIAM L. MUNIZ, Warden, | |
| Respondent. | |

## I.
## INTRODUCTION

On June 2, 2015, Petitioner Samuel Antonio Diaz filed a Petition for Writ of Habeas Corpus by a Person in State Custody, pursuant to 28 U.S.C. § 2254. Dkt. 1 ("Petition"). Petitioner also concurrently filed an Election Regarding Consent to Proceed Before a United States Magistrate Judge in which he voluntarily consents to have a United States Magistrate Judge conduct all further proceedings in this case, decide all dispositive and non-dispositive motions, and order the entry of final judgment.[1]

---

[1] "Upon the consent of the parties," a magistrate judge "may conduct

The Petition appears to challenge Petitioner's 2012 conviction after a guilty plea for attempted murder, use of a deadly weapon, burglary, and kidnapping. Petition at 2. Petitioner alleges that his trial counsel was constitutionally ineffective, that the prosecutor committed misconduct, and that he is mentally incompetent. Id. at 5-14.

It plainly appears from the face of the Petition that the Petition is wholly unexhausted because Petitioner has not presented his claims to the California Supreme Court. See Petition at 2-3. Accordingly, as explained below, the Court must dismiss this action without prejudice pursuant to Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, for failure to exhaust his state court remedies.[2]

---

any or all proceedings in a jury or nonjury civil matter and order the entry of judgment in the case." 28 U.S.C. § 636(c)(1). Here, Petitioner is the only "party" to the proceeding and has consented to the jurisdiction of the undersigned U.S. Magistrate Judge. Respondent has not yet been served and therefore is not yet a party to this action. See, e.g., Travelers Cas. & Sur. Co. of Am. v. Brenneke, 551 F.3d 1132, 1135 (9th Cir. 2009) ("A federal court is without personal jurisdiction over a defendant unless the defendant has been served in accordance with Fed.R.Civ.P. 4."). Thus, all parties have consented pursuant to § 636(c)(1). See Wilhelm v. Rotman, 680 F.3d 1113, 1119-21 (9th Cir. 2012) (holding that magistrate judge had jurisdiction to sua sponte dismiss prisoner's lawsuit under 42 U.S.C. § 1983 for failure to state claim because prisoner consented and was only party to the action); Carter v. Valenzuela, No. 12-05184, 2012 WL 2710876, at *1 n.3 (C.D. Cal. July 9, 2012) (after Wilhelm, finding that magistrate judge had authority to deny successive habeas petition when petitioner had consented and respondent had not yet been served with petition); see also Bilbua v. Los Angeles Sup. Ct., No. 15-3095, 2015 WL 1926014, at *1 (C.D. Cal. Apr. 27, 2015).

[2] Rule 4 states that a district court may summarily dismiss a habeas corpus petition before the respondent files an answer "[i]f it plainly appears from the face of the petition . . . that the petitioner is not entitled to relief."

## II.
## DISCUSSION

A federal court will not grant a state prisoner's petition for writ of habeas corpus unless it appears that the prisoner has exhausted available state remedies. 28 U.S.C. § 2254(b), (c); Baldwin v. Reese, 541 U.S. 27, 29 (2004); O'Sullivan v. Boerckel, 526 U.S. 838, 842 (1999). "For reasons of federalism, 28 U.S.C. § 2254 requires federal courts to give the states an initial opportunity to correct alleged violations of its prisoners' federal rights." Kellotat v. Cupp, 719 F.2d 1027, 1029 (9th Cir. 1983) (citation omitted).

Exhaustion requires that the prisoner's contentions be fairly presented to the state courts and be disposed of on the merits by the highest court of the state. See James v. Borg, 24 F.3d 20, 24 (9th Cir. 1994). Moreover, a claim has not been fairly presented unless the prisoner has described in the state court proceedings both the operative facts and the federal legal theory on which his claim is based. See Duncan v. Henry, 513 U.S. 364, 365-66 (1995); Picard v. Connor, 404 U.S. 270, 275-78 (1971). As a matter of comity, a federal court will not entertain a habeas corpus petition unless the petitioner has exhausted the available state judicial remedies on every ground presented in the petition. See Rose v. Lundy, 455 U.S. 509, 518-22 (1982).

A federal court may raise a habeas petitioner's failure to exhaust state remedies sua sponte. Stone v. City and Cnty. of San Francisco, 968 F.2d 850, 855-56 (9th Cir.1992). Petitioner has the burden of demonstrating he has exhausted available state remedies. See, e.g., Williams v. Craven, 460 F.2d 1253, 1254 (9th Cir. 1972) (per curiam); Rollins v. Superior Court, 706 F. Supp. 2d 1008, 1011 (C.D. Cal. 2010).

Here, Petitioner affirmatively states that he has not presented the claims in the Petition to the California Supreme Court either by way of a petition for review or a petition for writ of habeas corpus. See Petition at 3-4. Petitioner

alleges that he did not appeal his convictions because he "did not understand the law and was never told by the court or [the] public defender that [he] could appeal." Petition at 3. This allegation is insufficient to excuse Petitioner's failure to properly present and exhaust his claims before the state courts. See Rhines v. Weber, 544 U.S. 269, 277 (2005) (requiring good cause for petitioner's failure to exhaust); Wooten v. Kirkland, 540 F.3d 1019, 1024 (9th Cir. 2008) (holding that petitioner's belief that appellate counsel raised a claim before state court did not constitute good cause); Hughes v. Idaho State Bd. of Corrections, 800 F.2d 905, 909 (9th Cir. 1986) (holding that illiterate pro se litigant's reliance on another inmate's assistance was not sufficient cause). Accordingly, it appears from the face of the Petition that Petitioner cannot meet his burden to demonstrate that his claims have been exhausted.

If it were nonetheless clear that Petitioner's unexhausted claims were procedurally barred under state law, then the exhaustion requirement would be satisfied. See Castille v. Peoples, 489 U.S. 346, 351-52 (1989); Johnson v. Zenon, 88 F.3d 828, 831 (9th Cir. 1996). However, the Court concludes that it is not clear that the California Supreme Court will hold that Petitioner's unexhausted claims are procedurally barred under state law if Petitioner were to raise them in a habeas petition to the California Supreme Court, as such a proceeding is an original proceeding which is not subject to the same timeliness requirement as a petition for review of a Court of Appeal decision. See, e.g., In re Harris, 5 Cal.4th 813, 825 (1993) (granting habeas relief where petitioner claiming sentencing error, even though the alleged sentencing error could have been raised on direct appeal); People v. Sorensen, 111 Cal. App.2d 404, 405 (1952) (noting that claims that fundamental constitutional rights have been violated may be raised by state habeas petition). The Court therefore concludes that this is not an appropriate case for invocation of either statutory "exception" to the requirement that a petitioner's federal claims must first be

fairly presented to and disposed of on the merits by the state's highest court. See 28 U.S.C. § 2254(b)(1)(B).

Once a Court determines that a habeas petition contains only unexhausted claims, it may dismiss the petition for failure to exhaust. Rasberry v. Garcia, 448 F.3d 1150, 1154 (9th Cir. 2006). Accordingly, because the Petition in this case is wholly unexhausted, dismissal is appropriate.

## III.

## CONCLUSION

IT IS THEREFORE ORDERED that the Petition is dismissed without prejudice for failure to exhaust state remedies.

Dated: June 8, 2015

_____
DOUGLAS F. McCORMICK
United States Magistrate Judge